IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ISAIAH THOMAS WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:12-CV-268 |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent | ) ) |

OPINION AND ORDER

This matter is before the court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Isaiah Williams on May 30, 2012. For the reasons set forth below, the petition (DE 1) is **DENIED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Isaiah Williams is serving a twenty-five year sentence based on his 2009 Marion County conviction for dealing in cocaine (DE 5-1 at 11). Williams pled guilty to this charge and was sentenced on March 16, 2009 (DE 5-1 at 12). Williams did not appeal his conviction (DE 1 at 1), but he filed a petition for post-conviction relief (DE 5-1 at 14). The Trial Court denied post-conviction relief on September 29, 2010 (DE 5-3), the Court of Appeals of Indiana affirmed the denial of post-conviction relief on July 11, 2011, (DE 5-2), and the Indiana Supreme Court denied transfer on September 8, 2011 (DE 5-4 at 4).

Williams's petition for writ of habeas corpus presents two grounds, both of which arise from the discovery of cocaine during a search of himself and his vehicle during a warrantless arrest. In ground one, Williams asserts that his trial counsel was ineffective because he failed to advise Williams "of a potential defense, to wit, that Petitioner could have moved to suppress the cocaine found on his person" and in his vehicle on Fourth Amendment grounds (DE 1 at 3), and in ground two he asserts that his guilty plea was not knowing and intelligent because he "was not informed that he could move to suppress [the] cocaine [found on him and in his car] as a result of [an] illegal search and seizure" (*Id.*).

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"), *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In reviewing a petition for federal collateral relief from a state court judgment of conviction, this Court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As stated by the Indiana Court of Appeals on appeal from the denial of post-conviction relief, the relevant facts in the Petitioner's case are as follows:

> In October 2007, Indianapolis Metropolitan Police Detective Clifton Jones began working with a confidential informant ("the CI") to conduct controlled cocaine buys from a man known as "Shorty." The CI identified Williams as "Shorty" via photo array. On October 30 and November 8, 2007, Detective Clifton conducted surveillance outside Williams's Jefferson Avenue residence while the CI purchased cocaine from Williams, who delivered the cocaine to the CI's vehicle. Police did not arrest Williams at the time and did not issue an arrest warrant, due to the ongoing nature of their investigation and their goal of eventually using Williams as a confidential informant to find the source of greater quantities of cocaine.
> Detective Jones could not locate Williams for a while after the fall 2007 incidents, but he waited for him to resurface. Meanwhile, police conducted a search of the Jefferson Avenue residence and found it vacant. Williams resurfaced at a local fast food restaurant on March 13, 2008, at which time police arrested him without a warrant and found 27.54 grams of cocaine on his person. A subsequent search of his vehicle produced 1.64 grams of

marijuana and 1.2777 grams of cocaine. Detective Jones asked him to become a confidential informant, but he refused.

On March 18, 2008, in cause number 49G20-0803-FA-059107 ("cause 107"), the State charged Williams with seven drug-related offenses. The following counts were based on the March 13, 2008 incident at the restaurant: Count I, class A felony cocaine dealing; Count II, class C felony cocaine possession; and Count III, class A misdemeanor marijuana possession. In the same information, the State charged Williams with Count IV, class A felony cocaine dealing and Count V, class C felony cocaine possession, both based on the November 2007 incident, and with Count VI, class B felony cocaine dealing, and Count VII, class D felony cocaine possession, both based on the October 2007 incident.

While cause 107 was pending, Williams entered into a cooperation agreement with police and began working as a confidential informant. In November 2008, a change of defense counsel occurred, and Brian Lamar was assigned to represent Williams. At that point, Williams was still cooperating with police, and he had prospects for a favorable plea agreement. In December 2008, he was found with cocaine in his gas tank and arrested. At that point, the State terminated the cooperation agreement and charged him in cause number 49G20-0812-FA-294162 ("cause 162") with one count of class A felony cocaine dealing, one count of class C felony cocaine possession, one count of class A misdemeanor possession marijuana, and one count of class A misdemeanor driving while suspended. Thereafter, defense counsel met with him and discussed possible defenses as well as the prospect of a habitual offender finding.

On March 2, 2009, Williams pled guilty via plea agreement to one count of class A felony cocaine dealing (Count I of cause 107) with a set twenty-five-year sentence. In exchange, the State dismissed the remaining six counts in cause 107 as well as all counts in cause 162 and the only count in cause number 49G20-0704-CM-058319 ("cause 319") (class C misdemeanor driving while suspended). The State also agreed not to file a habitual offender count. The trial court accepted Williams's guilty plea and sentenced him according to the plea agreement on March 16, 2009.

On June 26, 2009, Williams filed a pro se petition for post-conviction relief. He filed an amended petition by counsel on January 19, 2010, asserting that his defense counsel provided ineffective assistance in

> failing to advise him of a potential defense and in failing to file a motion to suppress the cocaine found on his person at the time of his warrantless arrest at the fast food restaurant. He also asserts that due to the aforementioned alleged failures, his guilty plea was not voluntarily entered.
> On April 16 and April 20, 2010, the post-conviction court held hearings on Williams's post-conviction petition. On September 27, 2010, the court issued extensive findings of fact and conclusions of law, denying his petition for post-conviction relief.

DE 5-2 at 3-6.

## STATE CONSTITUTIONAL CLAIMS

The Petitioner asserts that his conviction violated provisions of the United States Constitution and also violated provisions of Article 1 §§ 12 and 13 of the Indiana Constitution (DE 1 at 3). But violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). Federal courts may grant habeas relief under § 2254 "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Williams's claim that his conviction violated provisions of Indiana's Constitution states no claim upon which habeas relief can be granted.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In ground one of his petition, Williams asserts that his "trial counsel rendered ineffective assistance by failing to advise Petitioner of a potential defense, to wit, that Petitioner could have moved to suppress the cocaine found on his person based on an

illegal search and seizure incident to an illegal warrantless arrest . . ." (DE 1 at 3). Ineffective assistance of counsel claims require the Petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and that this deficiency actually caused prejudice. *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004), citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To support a claim of ineffective assistance of counsel, the Petitioner must demonstrate: (1) that counsel's performance was deficient, and (2) that absent said deficient performance, there exists a reasonable probability of a different outcome.

To satisfy the first prong of the *Strickland* test, a habeas applicant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In considering counsel's performance, a reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 689.

To satisfy the *Strickland* test's second prong, a habeas petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

After conducting a hearing, the post-conviction court entered extensive findings of fact. Williams's counsel testified the he "recalled the warrantless arrest as an issue he discussed with Petitioner prior to the guilty plea hearing" (DE 5-3 at 9). The trial court credited that testimony, concluding that "having considered [his counsel's] testimony . . . the Court finds that Petitioner has not proven that [counsel] failed to advise him about a defense based upon the warantless arrest" (DE 5-3 at 10).

In regard to *Strickland's* prejudice prong, the post-conviction court concluded that Williams suffered no prejudice because the five month delay in his arrest did not eliminate the preexisting probable cause for his arrest, that his arrest was lawful, and that "[t]he items seized as a result of the search would have been properly introduced into evidence, and any objection to this evidence would have been properly overruled by the trial court" (DE 5-3 at 13).

In its review of Williams's appeal, the Court of Appeals of Indiana properly identified the *Strickland* standard as governing the resolution of his ineffective assistance of trial counsel claims (DE 5-2 at 7). To support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable*. Bell v. Cone*, 535 U.S. 685, 702 (2002).

The Court of Appeals of Indiana accepted the post-conviction court's findings of fact that Williams's counsel had discussed with

him the possibility of attempting to suppress the drugs found during his warrantless arrest, and agreed with the trial court's analysis of the prejudice prong, stating that "(b)ecause no basis existed to suppress the evidence, Williams would not have been successful had he chosen to proceed to trial . . . Consequently, Williams has failed to establish that he received ineffective assistance of counsel" (DE 5-2 at 10-11). The Indiana courts reasonably applied *Strickland's* attorney-performance standard, and Williams is not entitled to habeas relief on this ground.

PETITIONER'S GUILTY PLEA WAS KNOWING AND INTELLIGENT

In ground two of his petition, Williams asserts that his guilty plea was not knowing and intelligent because he was not informed that he could move to suppress the drugs found on him and in his vehicle during the search incident to his arrest. (*Id.*). This claim is based on the same operative facts as his ineffective assistance of counsel claim.

> A guilty plea must be voluntary and intelligent. To enter a voluntary and intelligent plea, a defendant must have full awareness of the plea's direct consequences, real notice of the true nature of the charge against him, and understand the law in relation to the facts. Whether a plea was entered knowingly and voluntarily is determined from all of the relevant circumstances surrounding it. Guilty pleas are accorded a great measure of finality because they are important components of this country's criminal justice system. As a result, the defendant bears the burden of proving that the plea he entered was involuntary and unintelligent.

8

*Virsnieks v. Smith*, 521 F.3d 707, 714-15 (7th Cir. 2008) (citations, quotation marks, and footnote omitted).

Under the AEDPA, federal courts generally must accept a state court's factual findings. *Id.* at 715. *A1raujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005), citing 28 U.S.C. §§ 2254(d)(2); 2254(e)(1). Therefore, to prevail on this claim, Williams must overcome the state court's factual determination that his counsel had informed him that he could move to suppress the drugs found in his possession when he was arrested.

This Court has already concluded, based on the findings of the post-conviction court and the Court of Appeals of Indiana, that Williams's counsel did, in fact, inform him that he could move to suppress the drugs found in his possession when he was arrested. Williams has failed to show that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, this Court concludes that Williams's guilty plea was knowing, voluntary, and intelligent.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the

9

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that Williams's petition must be dismissed because his counsel was not ineffective and because his guilty plea was knowing and intelligent. Williams has not established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Williams a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition (DE 1), **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.

**DATED: November 28, 2012**     /S/RUDY LOZANO, Judge
                                 **United States District Court**